IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02088-DDD-NRN

JANET MARTIN,

Plaintiff,

v.

OFFICE OF PERSONNEL MGMT., and
SOCIAL SECURITY ADMIN.

Defendant.

---

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT UNDER
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) and (b)(6)**

---

**N. Reid Neureiter
United States Magistrate Judge**

This matter is before the Court on an Order (Dkt. #58) entered by Judge Daniel

D. Domenico referring the Office of Personnel Management ("OPM") and the Social

Security Administration's ("SSA") (collectively, "Defendants") Motion to Dismiss the

Third Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) and (b)(6)

(the "Motion to Dismiss"). (Dkt. #45.) Ms. Martin filed a response (Dkt. #52)[1], and

Defendants filed a reply (Dkt. #79). The Court heard argument from the parties on

March 29, 2023. (*See* Dkt. #83.)

---

[1] Ms. Martin also filed a document titled as a declaration (*see* Dkt. #51) that appears to be directed at the Motion to Dismiss, as well as a "Statement of Facts" (Dkt. #61). Because Ms. Martin proceed pro se, the Court has reviewed these documents, but finds them irrelevant to the issues raised on the Motion to Dismiss. The Court therefore does not consider them in issuing this Recommendation.

1

The Court has taken judicial notice of the Court's file, and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed and for the reasons discussed below, the Court **RECOMMENDS** that the Motion to Dismiss (Dkt. #58) be **GRANTED.**

## BACKGROUND[2]

Ms. Martin alleges that she was an employee of the National Park Service for 30 years, and her husband was a federal employee for 10 years before his death. (Dkt. #19-1 at 1.) The crux of this case are Ms. Martin's allegations that her benefits have been miscalcluated or improperly distributed by OPM and SSA. For example, she alleges that OPM should have started providing her benefits at age 55 and should have provided backpay for retirement from the ages of 55 to 62. (*Id.* at 1–2.) She also alleges that OPM and SSA have miscalculated her survivor, retirement, and widow benefits. (*Id.* at 2.)

Ms. Martin makes a variety of other allegations of wrongful foreclosure of her home by "Morgan" and "Seterus", who are not named parties in this case. She also complains about "dweebing" by law enforcment, cyberstalking by various computer or software companies, and that unknown entities have put "std's" in her food, drugs in her "personal hygiene," and chemicals and bodily fluids in her cleaning supplies. (*Id.* at 4.)[3]

---

[2] The following allegations are taken from the attachment to Ms. Martin's Third Amended Complaint (Dkt. #19-1) and all non-conclusory allegations are presumed true for the purposes of the Motion to Dismiss. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes, differs from a document's internal pagination.

[3] These allegations cannot be maintained as currently pled. Ms. Martin has not named Morgan, Seterus, law enforcement agencies, of the software companies as defendants in this case. The only defendants who have been named and served are SSA and OPM, and these allegations are not brought against them.

## LEGAL STANDARDS

### I. Pro Se Plaintiff

Ms. Martin proceeds pro se. The Court, therefore, "review[s her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle her to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### II. Rule 12(b)(1)[4]

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to

---

[4] Defendant also argues that dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) because Ms. Martin has failed to state a claim upon which relief can be granted. Because the Court recommends dismissal for lack of jurisdiction, it does not reach this argument.

them under a jurisdictional grant by Congress." *Henry v. Off. of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). Statutes conferring subject matter jurisdiction on federal courts are to be strictly construed. *F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "[T]he party invoking federal jurisdiction," generally the plaintiff, "bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). Rule 12(b)(1) allows Defendants to raise the defense of the Court's "lack of subject-matter jurisdiction" by motion. Fed. R. Civ. P. 12(b)(1).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). A facial attack "questions the sufficiency of the complaint," and when "reviewing a facial attack . . . a district court must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). When reviewing a factual attack, courts cannot "presume the truthfulness of the complaint's factual allegations," and may consider documents outside the complaint without converting the motion to dismiss into a motion for summary judgment. *Ratheal v. United States*, No. 20-4099, 2021 WL 3619902, at *3 (10th Cir. Aug. 16, 2021) (unpublished).

## ANALYSIS

### A. The Court lacks jurisdiction over Plaintiff's claims against OPM.

Defendants raise what the Court understands to be a facial challenge to this Court's jurisdiction over Ms. Martin's claims concerning OPM's provision of her

retirement benefits. They contend that the statutory scheme governing civil service retirement benefits requires that OPM determinations be challenged first through OPM, then the U.S. Merit Systems Protection Board ("MSPB"), and then the U.S. Court of Appeals for the Federal Circuit. With limited exceptions that are not applicable here, the claims are not heard by federal district courts. The Court agrees.

Congress has set forth a comprehensive framework for reviewing personnel action against federal employees, including challenging the calculation of federal retirement benefits, regardless of whether the benefits are under the Civil Service Retirement System ("CSRS") or the Federal Employee Retirement System ("FERS"). *See Rodriguez v. United States*, 852 F.3d 67, 83 (1st Cir. 2017) ("The legislative history of the CSRA establishes beyond dispute that Congress intended that statute to provide an exclusive procedure for challenging federal personnel decisions." (quoting *Roth v. United States*, 952 F.2d 611, 615 (1st Cir. 1991) (internal quotations omitted)). The relevant statutes "specif[y] the benefits to which federal employees and their survivors are entitled, and provide[] a reticulated remedial scheme for beneficiaries to secure review—including judicial review—of benefits determinations." *Fornaro v. James*, 416 F.3d 63, 66 (D.C. Cir. 2005).

The statutory regime provides that OPM "shall adjudicate all claims" regarding retirement benefits. *See* 5 U.S.C. §§ 8347(b), 8461(c). After OPM issues a final decision, any review of OPM benefits determination must be brought before the MSPB. *Id.* §§ 8347(d); 8461(e). Any appeals from the MSPB are to the Federal Circuit. *Id.* § 7703(b)(1). In short, "the consequence of this extensive remedial framework s that generally the plaintiff must pursue retirement benefits claims first at OPM, then at

MSPB, and finally at the Federal Circuit." *Rodriguez*, 852 F.3d at 83. The statutes expressly provide "for exclusive jurisdiction over MSPB decisions in the Federal Circuit, and do not admit any exceptions for disability retirement claims." *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 792 (1985).[5]

Given the statutory framework involved with federal retirement benefits, this Court lacks jurisdiction to hear Ms. Martin's claims against OPM. Instead, she must follow the procedures provided by the relevant statute's remedial scheme—any appeal of a determination from the OPM must first be brought before the MSPB and then, if she is still dissatisfied, appealed to the Federal Circuit.

**B. The Court lacks jurisdiction over Plaintiff's claims against the SSA**

Defendants next contend that the Court lacks jurisdiction to hear Plaintiff's claims against the SSA because Plaintiff has not exhausted her administrative remedies, so there is no final agency decision subject to judicial review. Again, the Court agrees.[6]

The Tenth Circuit has explained:

---

[5] There is a limited exclusion for cases that involve alleged discrimination. *See* 5 U.S.C. § 7703(b). Plaintiff, however, has failed to make any non-conclusory allegations that the OPM discriminated against her. The sole reference to discrimination is a generic complaint about that "[l]ittle, white, elderly widows and disabled are targeted despairingly and victimized." Dkt. #19-1 at 4. There are no specific allegations, plausible or otherwise, about OPM engaging in discriminatory conduct towards Ms. Martin.

[6] This is more of a factual attack on the Court's jurisdiction. *See Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) ("A factual attack goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction.") When a defendant brings a factual attack, the district court has "wide discretion" to consider affidavits and other documents without converting the 12(b)(1) motion to a motion to dismiss. *Id.* (citations omitted).

> Federal courts have limited statutory power to review decisions of the Social Security Commissioner and may review the Commissioner's decisions only as provided in 42 U.S.C. § 405. Id. § 405(h). *See generally Bryan v. Office of Personnel Mgmt.*, 165 F.3d 1315, 1318 (10th Cir.1999) ("In order to bring a suit against the government or one of its agencies, a plaintiff must have a substantive right to the relief sought and an explicit Congressional consent authorizing such relief. Consent is a prerequisite of jurisdiction, and the government's consent defines the terms and conditions upon which it may be sued[.]" (quotations and citations omitted)). Section 405(g) limits judicial review to final decisions that are made after a hearing. Indeed, a final decision made after a hearing is central to a federal court's subject matter jurisdiction under § 405(g). *Weinberger v. Salfi*, 422 U.S. 749, 763–64 (1975).

*Elliott v. Barnhart*, 117 F. App'x 659, 660 (10th Cir. 2004) (unpublished). Though the Social Security Act does not define "final decision", the Commissioner is empowered to set forth administrative remedies that must be exhausted for a decision to become "final" for the purpose of judicial review. *Salfi*, 422 U.S. at 766.

Here, there is nothing to suggest that the SSA reached a final decision after a hearing. In fact, there is nothing to suggest that there has been any final agency decision at all related to Plaintiff's widow benefits. Instead, as Defendants note, a re-computation of benefits and the assessment of an overpayment—which appear to be the two SSA actions at issue here—are both *initial* determinations which must first be subject to review by the administrative agency. *See* 20 C.F.R. § 404.902(d), (j).

By letter dated December 27, 2022, SSA advised Ms. Martin that her Social Security widow benefits would be reduced based upon her receipt of a government pension. (*See* Dkt. #45-2, Sager Decl., at ¶ 2(e). She was also advised that she had received an overpayment of widow benefits based on receipt of the government pension in those same months. (*Id.*) This is only an initial determination. Plaintiff was advised that she had 60 days to request reconsideration of the initial determination. (*Id.*; Dkt.

#45-2); *see also* 20 C.F.R. § 404.909 (providing that the SSA will reconsider an initial determination of a written request within 60 days after the claimant receives a notice of the initial determination). Plaintiff's own filings suggest that she received the December 27, 2022 determination as she completed the agency's request for reconsideration form. (*See* Dkt. #43, Ms. Martin's Request for Reconsideration dated January 23, 2023.)

Plaintiff must await a determination on her Request for Reconsideration. 20 C.F.R. §§ 404.905, 404.909. Then, if she is still dissatisfied, she must request a hearing before an administrative law judge ("ALJ"). *Id.* §§ 404.907, 404.913, 404.920, 404.921, 404.930. If she receives an unfavorable ALJ decision, she must request a review from the Appeals Council. §§ 404.955, 404.967. Only after the Appeals Council renders a decision or denies a request for review does the Commissioner's decision become "final" for purposes of judicial review. §§ 404.981; 422.210. Until such time, this Court lacks jurisdiction to hear Ms. Martin's claims, and her case must be dismissed. *Salfi*, 422 U.S. at 766 ("a 'final decision' is a statutorily specified jurisdictional prerequisite").

## RECOMMENDATION

In light of the foregoing, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss the Third Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) and (b)(6) (the "Motion to Dismiss") (Dkt. #45) be **GRANTED** and the case be **DISMISSED** without prejudice.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections**

within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996).

Dated this 20th day of April, 2023.

BY THE COURT:

_____

N. Reid Neureiter
United States Magistrate Judge